WILKINSON and another *v.* DELAWARE, L. & W. RY. Co.

*(Circuit Court, D. New Jersey.* March 2, 1885.)

1. REMOVAL OF CAUSE—RECORD—STIPULATION—CERTIORARI.
    Where by stipulation of the parties certain pleadings in the state court have been taken out of the case, the circuit court will not grant a *certiorari* to order the clerk of the state court to add such pleadings to the record.

2. SAME—EVIDENCE.
    Although such pleadings have been taken out of the record by stipulation, they may be used in the United States court, when properly verified, to show what has been done in the state court, with a view to showing that the application for removal was made too late.

In *Assumpsit.*

NIXON, J. The above suit was brought here by the defendant on a petition for removal from the supreme court of New Jersey. On filing the record, a motion was made by the plaintiffs to have the same remanded to the state court, on two grounds: (1) Because the defendant corporation, although chartered by the state of Pennsylvania, had become a citizen of New Jersey, as the lessee of the Morris & Essex Railroad, and by the legislation of the state confirming the said lease; and (2) because the petition for removal was filed too late. 22 FED. REP. 353. After argument and consideration the court held that both grounds failed, and that the cause had been properly removed. Notice is now served upon the defendants of a motion (1) for leave to file in this court, as part of the record of said suit, certain copies of a declaration, demurrer, and joinder in demurrer, duly certi-

fied by the clerk of the supreme court of New Jersey as on file in that court; (2) for this court to issue a writ of *certiorari* to the supreme court of New Jersey, commanding it to make return of the record in said action—and especially of the declaration, demurrer, and joinder in demurrer—as to which a diminution is alleged.

The facts of the case are these: That suit was originally commenced in the state court, by a summons tested November 26, and returnable December 6, 1883. A declaration was filed therein December 10, 1883; a general demurrer, December 22, 1883; and a joinder in demurrer, January 18, 1884. At this stage of the proceedings, the respective parties entered into the following stipulation, dated June 4, 1884, and filed June 6, 1884:

"It is hereby stipulated and agreed by and between the attorneys of the plaintiffs and defendant in the above case (1) that the plaintiffs shall, within twenty days from the date hereof, file an amended declaration; (2) that, from the time of the filing of said amended declaration, the demurrer heretofore filed by the defendant shall be withdrawn and of no effect; (3) that the defendant will plead to said amended declaration within thirty days from the date of service of the same upon its attorneys; (4) that the above shall be without prejudice or costs against either party, but each shall pay their own costs.

"*Dated June 4, 1884.*"

Under this stipulation a new declaration was filed by plaintiffs June 12, 1884, on which an issue was joined by plea on July 5, 1884. The next term of the Hudson circuit court to which the record could be regularly handed down for trial began on the first Tuesday of September following. At that term, and before the trial of the cause, to-wit, on the eighteenth day of October, during the term, the petition for removal, and a bond executed in the form required by the statute, were filed in the state court, and the clerk sent to this court a duly certified record of the case, containing copies of the following papers:

(1) The summons issued; (2) the above recited stipulation entered into by the parties June 6, 1884; (3) the amended declaration, filed June 12, 1884; (4) the plea of the general issue, filed July 5, 1884; (5) the *similiter*, filed July 12, 1884; (6) the petition for removal and the bond accompanying the same, filed October 18, 1884; certifying that they were a true copy of the entire proceedings in said cause as the same remained on file in his office.

It will be perceived that he left out of the record the pleadings that had been filed previous to the stipulation, and which, as the defendant claims, ceased to be a part of the record by virtue of the stipulation. The counsel for the plaintiffs then applied to the clerk of the state court to amend the record by incorporating these pleadings therein, which the clerk declined to do without the order of the court. Application was then made to the state court for an order upon the clerk, and it is conceded that the judges refused to act in the matter. The clerk of the state court has, however, forwarded to the counsel for the plaintiffs copies of these pleadings, with the certificate added, dated January 26, 1885, that they are true copies of the declaration,

(original,) demurrer, and joinder thereto, as the same remained on file in his office. They are annexed to the moving papers on this motion, and we are asked (1) for an order to have them filed as a part of the record of the case from the state court.

It is apparent from the form of the request that the counsel of the plaintiffs have taken notice of the change which the removal act of March 3, 1875, has made in the matter of the copies of the papers to be transmitted from the state to the federal court. Under previous acts the condition of the bond was that the petitioner should enter in the circuit court on the first day of the next session "copies of. the process against him and of all pleadings, depositions, testimony, and other proceedings in the cause." The phraseology is changed in the later enactment, and all that is now required is that he shall enter "on the first day of its then next session a copy of the record in such suit." Whether the court should make an order as requested, depends upon the question whether the original declaration, demurrer, and joinder in demurrer, which have been withdrawn from the case by the stipulation of the parties, without prejudice and without costs, are still to be regarded as a part of the record of the suit? They were abandoned and withdrawn by consent. They have no place nor office in the pleadings which led up to the issue to be tried. The record of a suit has been defined to embrace the successive judicial steps which have been taken and are necessary to show jurisdiction and regularity of procedure; the process writ or summons, with proof of service; the pleadings, minutes of trial, verdict, and judgment; and also ancillary and interlocutory proceedings, entering into and supporting the action. 2 Abb. Law Dict. 388. The clerk very properly made the stipulation of the parties, whereby these pleadings were taken out of the case, a part of the record; and quite as properly, we think, declined to incumber the record with what they had agreed should form no part thereof. We must therefore refuse to enter an order to add to the record any papers which do not constitute any part of the record of the suit.

2. The application for a writ of *certiorari* to the state court, commanding it to make return of the record in the cause, is under the provisions of the seventh section of the act of 1873. The section was to be resorted to in a case where a clerk of the state court had refused, on a proper application, to furnish the petitioner with a copy of the record, for the reasons heretofore stated. We are not of the opinion that the clerk of the state court has been derelict in duty, and we decline to order the writ to issue.

It became manifest from statements made on the argument that counsel for plaintiffs was desirous of getting all the proceedings of the state court before this court, to enable him to show that, under the recent decisions of the supreme court, narrowing the interpretation of the act of 1875, the defendant has lost the right of removal. These cases have recently made their appearance in the reports, and,

unless we have misunderstood their purport, they will have the effect of cutting off to a large extent the future removal of causes. We refer to *Alley* v. *Nott*, 111 U. S. 472; S. C. 4 Sup. Ct. Rep. 495; *Scharff* v. *Levy*, 5 Sup. Ct. Rep. 360; and *Pullman Palace Car Co.* v. *Speck*, 113 U. S. 84; S. C. 5 Sup. Ct. Rep. 374.

Although these pleadings have been taken out of the record by the stipulation of the parties, they are, nevertheless, a part of the proceedings in the case, and as such may be used here, when properly verified, to prove what has been done in the state court.