CROWELL INDEPENDENT SCHOOL
DIST. v. FIRST NAT. BANK
OF BENJAMIN.

(Court of Civil Appeals of Texas. Ft. Worth.
Jan. 10, 1914.)

1. EXCEPTIONS, BILL OF (§ 4*) — MATTERS SUBJECT—RULING ON PLEA OF PRIVILEGE.

The ruling of the trial court upon defendant's plea of privilege, being a part of the record proper, could not, under rule 53 (142 S. W. xxi), governing procedure in the district and county courts, be shown by bill of exceptions, but must appear in the minutes.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 86*)—ACTION AGAINST SCHOOL DISTRICT—PETITION.

Since, under Rev. Civ. St. 1911, arts. 2850–2866, providing for the organization of school districts, article 2853 vests the trustees with full control of the schools, and article 2857 authorizes them to levy and collect an annual tax for the purchase, construction, and repair of buildings, the tax mentioned constitutes the only fund for the purposes stated, a petition against a school district to recover for the construction of buildings which failed to allege the levy of the tax or the existence of a fund was insufficient and the demurrer should have been sustained.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 203–205; Dec. Dig. § 86.*]

3. APPEAL AND ERROR (§ 193*)—REVIEW—FUNDAMENTAL ERROR.

Where the absence of the allegations in a petition was fundamental error, the fact that defendant in the lower court waived its demurrer was immaterial, and the question could nevertheless be raised on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226–1238, 1240; Dec. Dig. § 193.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 124*)—CLAIMS AGAINST DISTRICT — ENFORCEMENT OF JUDGMENT.

A judgment against a school district cannot be enforced by execution; mandamus being the proper remedy.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 281; Dec. Dig. § 124.*]

Appeal from District Court, Knox County; Jo A. P. Dickson, Judge.

Action by the First National Bank of Benjamin against the Crowell Independent School District. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. H. Milam, of Benjamin, and G. W. Walthall and Robert Cole, both of Crowell, for appellant. D. J. Brookreson, of Benjamin, for appellee.

DUNKLIN, J. The First National Bank of Benjamin recovered a judgment against the Crowell Independent School District and E. J. Rogers and W. F. Bisbee for $3,219.47, from which the Crowell Independent School District has appealed.

Appellant was alleged to be an independent school district of Foard county, and its trustees entered into a contract with Rogers & Bisbee, by the terms of which Rogers & Bisbee, as contractors, agreed to build a schoolhouse in that district for an agreed consideration of $15,500. The contractors drew a draft upon the trustees in favor of appellee bank for the balance which they claimed to be due them under said contract and guaranteed the payment thereof, and the suit was to recover the amount so claimed.

[1, 2] The suit was instituted in the district court of Knox county, where Rogers & Bisbee resided, and under several assignments of error appellant complains of the court's failure to sustain its plea of privilege to be sued in Foard county. None of these

assignments can be considered for the reason that the only showing presented in the record ˉthat the trial court overruled the plea is by bills of exception. The ruling upon the plea would at common law constitute a part of the record proper, and under rule 53 governing procedure in the district and county courts (142 S. W. xxi) the same could not be shown by a bill of exceptions, but must appear in the minutes of the court. Withers v. Crenshaw, 155 S. W. 1189.

Chapter 16, tit. 48, of the Revised Civil Statutes (1911), provides for the organization of independent school districts, for the election of a board of trustees, and defines the powers of the trustees. Article 2853 of that chapter reads as follows: "The trustees elected in accordance with the preceding article shall be vested with the full management and control of the free schools of such incorporated town or village, and shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes that are conferred by the laws of this state upon the council or board of aldermen of incorporated cities and towns." By article 2857 the trustees are authorized to levy and collect "an annual ad valorem tax not to exceed twenty-five cents on the one hundred dollars for the purchase of sites and the purchasing, construction, repairing, or equipping public free school buildings within the limits of such incorporated district." Taxes so raised constitute the only fund which could be used for the purposes stated. The petition filed by the plaintiff in this case contained no allegation that such a tax had been levied by the board of trustees, and no attempt is made in the petition to show any funds belonging to the Crowell Independent School District which would be subject to the payment of the debt for which this suit was instituted. In the absence of such a showing, the petition failed to state a cause of action against the appellant, and therefore the judgment must be reversed. Peck-Smead Co. v. City of Sherman, 26 Tex. Civ. App. 208, 63 S. W. 340; McNeal v. City of Waco, 89 Tex. 89, 33 S. W. 322; Noel v. City of San Antonio, 11 Tex. Civ. App. 580, 33 S. W. 263.

[3] The appellee bank calls attention to the fact that the record does not show that a ruling by the trial court was invoked by appellant upon its general demurrer to the plaintiff's petition, and insist that the demurrer was therefore waived. This would make no difference, since the absence of allegations in the petition of the character above noted was fundamental error and can be raised in this court for the first time.

[4] In view of another trial, we deem it proper to suggest that, even though it should be held that appellant is liable to the bank for the debt claimed, execution could not be awarded for the collection of the same as was decreed in the judgment from which this appeal was prosecuted. 28 Cyc. 1773.

For the reasons noted, the judgment is reversed, and the cause remanded.