V. KAHANEK v. GALVESTON, HARRISBURG & SAN ANTONIO RY. CO.

No. 2603.

**Disqualification of the County Judge.**—An appealed case in the County Court was transferred to the District Court on account of the disqualification of the county judge. A trial was had, resulting in a judgment for the defendant. In a motion for new trial it was urged that the county judge in fact was not disqualified. *Held:*

1. The county judge in the first place was the judge as to his disqualification.

2. Doubtful whether the matter can be tried *de novo* as to the disqualification in the District Court.

3. In absence of a bill of exception or other showing in the record negativing the disqualification the action of the District Court in hearing the case on appeal will not be revised.

APPEAL from Fayette. Tried below before Hon. H. Teichmueller. The opinion states the case.

*Phelps & Lane,* for appellant.—1. The court below erred in holding that it had jurisdiction to hear and determine this cause, and in refusing to grant a new trial herein for want of jurisdiction. The county judge was not disqualified to try this cause, had full and complete jurisdiction to try the same, and therefore the order transferring the same to the District Court was illegal and void. H. & T. C. Ry. Co. v. Jas. Ryan, 44 Texas, 426; Taylor v. Williams, 26 Texas, 583; Rev. Stats., art. 1138.

2. The order of removal being illegal and void the District Court was entirely without jurisdiction to try said cause or enter up any judgment therein, except to strike the cause from the docket and order the clerk to transmit the papers back to the County Court. King & Davidson v. Sapp, 66 Texas, 519.

STAYTON, CHIEF JUSTICE.—Appellant brought this action in Justice Court to recover damages claimed for an injury to horses, harness, and wagon, done by a train on appellee's railway. He recovered a judgment in the Justice Court, from which an appeal to the County Court was perfected. It was transferred to the District Court for trial on the ground that the county judge was disqualified to try the case. Judgment in the District Court went against appellant, and on motion for new trial for the first time appellant brought in question the jurisdiction of the District Court. The objection to the jurisdiction of the District Court was that the county judge was not in fact disqualified to try the cause.

The order in the County Court transferring the cause was as follows: "This day, August 6, 1887, came this cause on to be heard, and thereupon came on to be heard defendant's oral motion to transfer this cause to the District Court of Fayette County for reason that his honor, the judge of this court, has been an acting counsel in a suit in the District Court of Colorado County growing out of the same cause of action that

this suit is brought for; and the argument of counsel therein being heard, the court doth sustain said motion and order that this cause be and the same is transferred to the District Court of Fayette County, to be held at the court house of said county on the 14th day of November, 1887, when and where the parties and witnesses in said cause will appear before said honorable District Court."

No other question but that arising on the action of the court in overruling the motion for new trial is raised on this appeal. The District Court had jurisdiction to try this cause if the county judge was disqualified, and from the very nature of the question it was necessary and the county judge had the power to determine in the first instance whether he was disqualified.

It is to be presumed in the absence of evidence to the contrary that his judgment in this respect was correct. If it appear in the judgment transferring a cause for trial from a County to a District Court on account of the disqualification of the county judge that the disqualification did not exist, or if this be made to appear from the record through a bill of exceptions, it would be the duty of the District Court to decline to try the cause. Hall v. Jackson, 3 Texas, 305; Rogers v. Watrous, 8 Texas, 62; Taylor v. Williams, 26 Texas, 584. Whether an issue of this kind could for the first time be raised in the District Court and there tried on evidence not found in the record it is unnecessary in this case to decide.

The record made in the County Court shows that the county judge had acted as counsel in another suit in another court based on the same cause of action as is the present. This does not negative the fact that the county judge "shall have been counsel in the case."

The inference if not the necessary conclusion from what appears in the order we have quoted is that the county judge was at one time counsel for one of the parties to this action in a case based on the claim that appellee had injured his property in this case alleged to have been injured by it, in such manner and under such circumstances as to create a liability to him. If this be true the county judge was disqualified, and properly transferred the case to the District Court for trial. Slaven v. Wheeler, 58 Texas, 23; Railway Co. v. Ryan, 44 Texas, 430.

There is not that in the record made in the County Court that would authorize this court to hold that the cause was not properly transferred. It may be claimed, however, that appellant offered such evidence in connection with his motion for a new trial as was sufficient to show that the county judge was not disqualified. That consisted of an unsworn statement made by the county judge on the 10th December, 1887, and filed with the motion. It was no part of the proceedings or record of the proceedings which were had on August 6, 1887, in the County Court.

No bill of exceptions was taken to the action of the court in overruling the motion for a new trial, and we are unable to ascertain whether the

court considered or refused to consider the statement made by the county judge.

If he refused to consider it he did not err, even if upon an issue made he might have heard evidence for the respective parties as to the qualification of the county judge.   Slaven v. Wheeler, 58 Texas, 23.

There is no error in the matter complained of made manifest and the judgment will be affirmed.

*Affirmed.*

Opinion January 22, 1889.