# Marcus, Appellant, *v.* Gimbel Brothers, Inc.

*Negligence—Master and servant—Assault by servant—Evidence—Case
for jury.*

1. A master is liable for the tortious acts of his servant done in the
course of his employment and within the general scope of his authority.
The presence or absence of the master when the wrongful act is com-
mitted, and whether it is done with or without direct authority, does

not affect the question of liability to the party injured, if the acts complained of were done in the performance of the duties for which the servant was employed. If, on the other hand, the wrongful act, resulting in the injury, was done by the servant outside of his employment and not in pursuance thereof, but in order to gratify the ill will or malice of the servant, the master is not liable, although the servant may at the time be in his employment.

2. Whether a servant acts within or without the scope of his authority depends upon the facts in each particular case and when the facts are disputed the question is for the jury.

3. In an action against a corporation owning a department store to recover damages for injuries caused by an assault by an employee of the defendant, where it appears that the plaintiff made a complaint to the president of the defendant as to the goods, and that she was directed to the superintendent with the statement that "whatever he says goes," and as a result of the conversation with the superintendent she was given certain goods in substitution which she took home, the plaintiff may show that the superintendent subsequently telephoned her that she had misrepresented the facts, and that an employee of the defendant would be sent for the goods, which would be taken by force, if necessary, and that subsequently the said employee went to plaintiff's house, demanded the goods, and in endeavoring to obtain them, committed an assault and battery on the plaintiff.

Argued Jan. 9, 1911. Appeal, No. 177, Jan. T., 1910, by plaintiffs, from order of C. P. No. 5, Phila. Co., Dec. Term, 1906, No. 3,019, refusing to take off nonsuit in case of Isaac Marcus and Claire Marcus, his wife, v. Gimbel Brothers, Incorporated. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

The facts appear by the opinion of the Supreme Court.

At the trial when Mrs. Marcus was on the stand, the following offer was made:

Mr. Powell: I am going to prove that Mr. Hoffman was sent by Mr. Barrett with instructions to get the silk, and that he was to use force, if necessary, to do it, and that he so stated to this witness over the 'phone prior to sending Hoffman to her house.

Mr. Hepburn: That is objected to.

Mr. Powell: I intend to follow that up by showing that Mr. Barrett called the witness up—that she asked him who it was and he said it was Mr. Barrett and she recognized his voice over the 'phone, and he then said to her, "You have got this silk by some false pretense," and said she would have to give it back and said, "Don't dare cut it," and he was going to send Mr. Hoffman to come up for it and use force if necessary. Then to follow that up by showing that Mr. Hoffman came there and stated that he was told to use force and did use force to get this silk.

The Court: For the reasons stated, I sustain the objection to the offer.

The court granted the plaintiff an exception to the above ruling. [1]

Mr. Powell: I offer to prove that later on, on the twenty-fourth, George Hoffman called to obtain this eighteen yards of silk, and that in getting it he committed an assault upon this witness.

Objected to.

The Court: I cannot pass upon what you may do, but only upon what you are asking me to do at this time. If you propose to prove your case in some other way I will be very glad to pass upon each offer as it is made but so far as the present offer to prove the agency of Hoffman by his own declaration made to the witness is concerned, I shall have to overrule that offer.

The court grants the plaintiff an exception to the above ruling. [2, 3]

Mr. Powell: I now make the offer to prove by this witness the allegations contained in our statement of claim filed to the effect that there was an assault committed on her by one of the employees of Gimbel Brothers, one George Hoffman, who was sent to her house to secure certain silk—that in the securing of that silk he committed an assault—and then I intend to follow that up by showing the nature of the assault, the injuries sustained

by the plaintiff, and the loss sustained by her and her husband.

Mr. Hepburn: I object until it is shown that Hoffman was sent to the house of the plaintiff.

The Court: That Hoffman was sent to the house of the plaintiff or her husband—that is to the residence of Mr. and Mrs. Marcus, by some one authorized to send him for that purpose?

Mr. Hepburn: Yes.

The Court: And that must necessarily precede any effort to hold the defendant company responsible for what Hoffman may have done.

Mr. Powell: I make the offer at this time, because if your honor overrules my offer, that is my case.

The Court: I sustain the objection for the reasons which have actuated me in sustaining the prior objections.  The court granted plaintiff an exception to the above ruling. [4]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Theodore F. Jenkins*, with him *Humbert B. Powell*, for appellant.—While not liable for the willful and independent trespass of his servant a master is responsible civilly for the manner in which the servant does the work that he is employed to do, and it is the character of the employment when an act is done, not the private instructions to the servant, by which the master's liability is to be determined: McClung v. Dearborne, 134 Pa. 396; Dick v. Cooper, 24 Pa. 217; Stafford v. Henry, 51 Pa. 514; Brennan v. Merchant & Co., 205 Pa. 258; Guinney v. Hand, 153 Pa. 404; Atherolt v. Electric Motor Co., 27 Pa. Superior Ct. 141; Whaley v. Citizens' National Bank, 28 Pa. Superior Ct. 531.

The question whether a servant was acting within the scope of his employment when he committed a negligent

act is a question of fact for the jury: Guinney v. Hand, 153 Pa. 404; Moon v. Matthews, 227 Pa. 488.

*W. Horace Hepburn*, for appellee.—The alleged statements of Barrett over the 'phone, as to sending Hoffman to take the goods by force, if necessary were not admissible to bind appellee: Hays & Wick v. Lynn, 7 Watts, 524; B. & O. Employees' Relief Assn. v. Post, 122 Pa. 579; American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529; American Underwriters' Assn. v. George, 97 Pa. 238; Union Refining & Storage Co. v. Bushnell, 88 Pa. 89; Oil City Fuel Supply Co. v. Boundy, 122 Pa. 449; Lombard, etc., Pass. Ry. Co. v. Christian, 124 Pa. 114; Shannon v. Castner, 21 Pa. Superior Ct. 294.

Where the act of the servant does not fairly tend to effectuate the discharge of the duty for which he is employed, the master is not liable: Guille v. Campbell, 200 Pa. 119; Towanda Coal Co. v. Heeman, 86 Pa. 418; Berryman v. Pennsylvania R. R. Co., 228 Pa. 621; Mali v. Lord, 39 N. Y. 381; Thames Steamboat Co. v. Houstonic R. R. Co., 24 Conn. 40; Paulton v. Keith, 23 Rhode Island, 164 (49 Atl. Repr. 635); Investment Co. v. Eldridge, 175 Pa. 287.

The offer of the appellants to prove that Hoffman called at the house of appellants to secure the silk, and that in attempting to secure it he committed an assault upon the appellant, Claire Marcus, was not admissible, without proof that Hoffman was sent to the house of appellants by the appellee, or some one in its behalf having authority to act for the defendant: Towanda Coal Co. v. Heeman, 86 Pa. 418; Guille v. Campbell, 200 Pa. 119; Feneran v. Singer Mfg. Co., 20 N. Y. App. Div. 574 (47 N. Y. Supp. 284); McGrath v. Michaels, 80 N. Y. App. Div. 458 (81 N. Y. Supp. 109); Lotz v. Hanlon, 217 Pa. 339; Shay v. American Iron & Steel Co., 218 Pa. 172; Berryman v. Pennsylvania R. R. Co., 228 Pa. 621.

OPINION BY MR. JUSTICE ELKIN, April 10, 1911:

This is an appeal from the judgment of nonsuit di-

rected to be entered by the learned court below and from refusal upon motion made to set the same aside. The suit was brought to recover damages for injuries sustained by reason of an alleged assault and battery upon the wife of appellant under the following circumstances. His wife was engaged in the business of dressmaking and in pursuit of her business had purchased some silk from the appellee corporation. The silk proved to be unsatisfactory and Mrs. Marcus, the wife, went to the department store of appellee where she saw the president and made her complaint to him. He referred her to the superintendent, saying, "My child, I am very sorry, only you have to go in to the superintendent and whatever he says goes." She testified that the name of the superintendent mentioned was Mr. Barrett and that she immediately waited upon him as directed by the president. Mr. Barrett called in Mr. Frutchey who had charge of the silk department and the question of the defective silk was discussed between them, with the result that it was agreed to furnish eighteen yards of silk from which should be taken enough to supply the place of that which was defective and about which complaint was made. This arrangement was carried out. The offer was made to prove by Mrs. Marcus that on the next day Mr. Barrett telephoned her that she had misrepresented the facts to him and that George Hoffman, an employee of the appellee company, would be sent for the silk, which would be taken by force if necessary. Sometime thereafter, on the same day, Hoffman went to the house of Mrs. Marcus, demanded the silk, and in endeavoring to obtain it, committed the alleged assault and battery about which complaint is made. The first, second, third and fourth assignments relate to the refusal of the trial judge to admit the testimony of Mrs. Marcus tending to prove what Mr. Barrett said over the telephone as to sending Hoffman for the silk; what he would do if necessary to regain possession of it; and what he actually did when he called for it. All of these offers were objected to by counsel for

appellee and the objections were sustained by the trial judge mainly on the ground that the evidence failed to show that the acts complained of were committed within the scope of the authority of either Barrett or Hoffman acting for and representing the appellee corporation. The question for determination here is whether error was committed in refusing to admit these offers of testimony. The general rule is that a master is liable for the tortious acts of his servant done in the course of his employment and within the general scope of his authority. The presence or absence of the master when the wrongful act is committed, and whether it is done with or without direct authority, does not affect the question of liability to the party injured, if the acts complained of were done in the performance of the duties for which the servant was employed. If, on the other hand, the wrongful act, resulting in the injury, was done by the servant outside of his employment and not in pursuance thereof, but in order to gratify the ill will or malice of the servant, the master is not liable, although the servant may at the time be in his employment: McClung v. Dearborne, 134 Pa. 396; Brennan v. Merchant & Co., 205 Pa. 258. Indeed, this rule is recognized by text writers generally and applied in all jurisdictions. Whether a servant acts within or without the scope of his authority depends upon the facts in each particular case and when the facts are disputed the question is for the jury: Guinney v. Hand, 153 Pa. 404; Moon v. Matthews, 227 Pa. 488. Whether Hoffman was acting within the scope of his authority under the facts proved, or offered to be proved, was a question for the jury. He was an employee of appellee and was sent with some kind of instructions to reclaim the silk in the possession of Mrs. Marcus who testified that Mr. Barrett had notified her by telephone that Hoffman would call for it that day and if necessary take it by force. He did call for the silk that day and appellants offered to prove that he took it by force, thus causing the injuries about which complaint is made. Certainly, under these circum-

stances, it was for the jury to determine whether Hoffman was acting within the scope of his authority.   It is contended that the burden of showing that Barrett was the agent or servant of appellee, and the extent of his authority, was upon the appellants.   If it be conceded that this is the correct rule the evidence was sufficient to submit to the jury on the question of his authority.   Mrs. Marcus testified that the president of the corporation referred her to Barrett as superintendent, saying "whatever he says goes."   After her interview with Barrett, the silk was given her, she took it home, and then followed all the acts about which complaint is made.   If this testimony is believed, it is sufficient to warrant a finding by the jury that Barrett was authorized to act for and represent the appellee and that in pursuance of his authority he directed Hoffman, another employee, to take possession of the silk by force if necessary.   If Hoffman acting by direction of Barrett who represented the company committed wrongful acts in the performance of the duty thus required of him, it was for the jury to say whether these wrongful acts were done in the course of his employment and within the scope of his authority.   We see no escape from this conclusion.   It may be that upon a trial of the cause the appellee will produce testimony to contradict the material facts relied on by appellants, but if so, it will still be for the jury to pass upon the credibility of witnesses and determine the questions of fact involved in arriving at a proper verdict.

It is argued that what Barrett said to Mrs. Marcus over the telephone should not be admitted as evidence in any way binding upon appellee.   This position is asserted upon two grounds, first, that Barrett was not the agent of appellee, and, second, even if an agent, the principal is not bound by his declarations.   As to the first position, we have already said there was sufficient evidence, if believed by the jury, to warrant a finding that Barrett in this particular transaction was authorized to act for and represent the appellee.   The second position is also

free from difficulty. The declarations of an agent while transacting the business of his principal, are evidence against the principal, not as mere declarations, but as explaining the character and quality of the act: Dick v. Cooper, 24 Pa. 217. In the case at bar if the jury should determine that Barrett had authority to represent appellee in adjusting the complaint of Mrs. Marcus about the silk purchased, what he said and did while so acting, may be shown at the trial for the purpose of explaining the transaction and as bearing upon the question of his authority. It will not be helpful to pursue the discussion further. We think the excluded offers of testimony should have been admitted and that the questions of fact raised are for the jury with proper instructions by the court as to the law applicable thereto.

Assignments of error sustained, judgment reversed and a venire facias de novo awarded.