JAMES J. KELLY, Appellant, v. MICHAEL KING and COLEMAN KING, Doing Business under the Firm Name and Style of KING BROTHERS, Respondents.

First Department, May 2, 1919.

Master and servant — negligence — liability of subcontractors for personal injuries sustained by employee of subway contractor who was burned by hot tar while working in " sump hole " underneath scaffold erected by subcontractor — evidence — contributory negligence — verdict not excessive — setting aside verdict upon oral statement of witness out of court — new trial.

In an action for personal injuries by an employee of a subway contractor against subcontractors doing waterproofing work, it appeared that while the plaintiff was in a " sump hole " underneath a scaffold erected by the defendants their employees lowered scuttles of hot tar to the scaffold

First Department, May, 1919.                [Vol. 187.

by which the plaintiff was burned. Evidence examined, and *held*, insufficient to establish the defendants' negligence or the plaintiff's contributory negligence, and that a verdict in favor of the plaintiff for $4,000 was not excessive.

But since the trial judge set aside the verdict upon an oral statement of a witness made to him out of court that a portion of his testimony was false a new trial should be granted.

APPEAL by the plaintiff, James J. Kelly, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 11th day of December, 1917, upon the dismissal of the complaint by direction of the court at the close of the case, and also from an order entered in said clerk's office on the 30th day of November, 1917, setting aside and vacating the verdict of the jury in plaintiff's favor for $4,000.

*John R. Jones*, for the appellant.

*William Dike Reed* of counsel [*William B. Shelton* with him on the brief], for the respondents.

PAGE, J.:

The action was to recover damages for personal injuries sustained by the alleged negligence of the defendants' employee.

The United States Realty and Improvement Company had a contract for the construction of a portion of the Seventh avenue subway. The defendants were subcontractors doing the waterproofing work. On the 10th day of June, 1916, they were working on what is called a sump hole at Christopher and Fourth streets. This was a place lower than the level of the subway into which water from the subway was to be drained and then pumped out by an electric pump. It was about twelve feet square and about twenty or twenty-five feet deep. The work to be done by the respective parties was that the United States Realty and Improvement Company built the walls of concrete. The King Brothers employees then put a coating of tar over the concrete wall and put burlaps or paper on that; then put another coating of tar; then built a brick wall which they were again to coat with tar. On the tenth day of June the defendants were engaged in the waterproofing work at the sump hole. The plaintiff was employed by the United

States Realty and Improvement Company as a laborer and was directed to go down into the sump hole and sop up water that had seeped through and was at the bottom of the hole. In the center of the hole there was a platform about seven feet from the bottom with an open space all around the side. This platform was about four feet square. The tar for the waterproofing operation was heated on the street and was lowered down to this platform by means of a rope with a hook on the end, upon which two scuttles filled with tar were suspended. There was a man on the platform who would take the scuttles as they came down, release the hook from them, and then deliver them to the men who were doing the waterproofing. While the plaintiff was underneath the scaffold the employees of the defendants lowered two scuttles of tar. Pierce, the man who lowered these, testified that after they had been placed on the scaffold he saw that tar was running out from one of these scuttles and he heard an outcry from below and called down to the man on the scaffold that the tar was running out; that the man attempted to catch the scuttle but it fell down into the sump hole. He was corroborated by the assistant foreman of the United States Realty and Improvement Company who said that he was standing on the street at the entrance of this sump hole and also gave more in detail a description of the accident. Cronan, the foreman for the United States Realty and Improvement Company, was in the bottom of the sump hole with the plaintiff and he testified that he saw the tar come down upon the plaintiff's neck and back of his head as he was stooping down and that he caught him and drew him out. As he did so, the scuttle coming down struck him upon the shoulder and spattered more tar upon the plaintiff's face and some on his own hand. Cronan, the foreman, testified that he had heard the superintendent for the defendant that morning hire the man whom he saw working upon the platform. The only witnesses produced for the defendants were the two defendants who practically denied any knowledge of the happening of the accident and stated that their superintendent was at present in Winnipeg, Canada. The jury returned a verdict in favor of the plaintiff for $4,000, which, considering the severe character of the injuries and the permanent disfigurement of the plaintiff, was not excessive.

First Department, May, 1919. [Vol. 187.

On cross-examination the assistant superintendent for the United States Realty and Improvement Company, Amedeo Fasano, was asked whether he had signed and sworn to a statement on the 20th day of March, 1917, and he stated that he had not. He denied that the signature to the affidavit was his signature. He denied having any conversation with the men in relation to the subject-matter of the affidavit, and that it was reduced to writing in his presence.

The next morning, after the verdict was returned, the judge, having reserved his decision upon the motion to set aside the verdict, stated as follows: " In reference to the case of Kelly against King Brothers, a jury rendered a verdict in favor of the plaintiff for $4,000. Since then I have been attended in my chambers by the witness Fasano and he has admitted that it was not true when he stated he had not signed that statement and he has admitted that it was not true when he said he had not met the gentleman who called on him to get that statement and I did not ask him any further about the case. I have considered also the case itself, the testimony given and I have come to the conclusion that I will grant the motion to set aside the verdict, on the ground that no negligence of the defendants was proven and that the plaintiff did not prove that he was free from contributory negligence and on the ground that the testimony which was given is now admitted to be false." Of course, it was entirely improper for the judge to set aside the verdict upon an oral statement stated to have been made to him out of court, there being no record made of the actual statements of the witness and no opportunity for examination or cross-examination afforded to the counsel.

Disregarding entirely the evidence of Fasano, there was sufficient evidence of negligence given by the witnesses Pierce and Cronan.

I am also of the opinion that it was sufficiently proved that the man whose negligence caused the injury was in the employ of the defendants.

Cronan testified that this man applied to him for employment that morning and he took him over to the superintendent of the defendants and the man asked the superintendent for a job and the superintendent replied, " All right, I will

fix you up," and shortly thereafter he saw the man upon the platform engaged in the work of the defendants.

I see no ground whatever upon which it could be held that the plaintiff was guilty of contributory negligence. He was working underneath the scaffold which should have afforded a sufficient protection from any falling objects. I can see nothing that he could have done to have protected himself from the injury.

The judgment and order should be reversed. By reason, however, of the fact that the judge stated that the witness Fasano had admitted that a portion of his testimony was false, in my opinion we should not reinstate the verdict but grant a new trial.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.