Cooper et al. *v.* American Stores Co., Appellant.

Argued October 4, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Richard A. Smith,* and with him *Louis Wagner* and *Wilbur F. Whittle,* for appellant.

*Michael D. Hayes,* of *Wilson & McAdams,* for appellee.

Opinion by Cunningham, J., December 12, 1929:

In this action of trespass the minor plaintiff has a verdict and judgment thereon for $260 for personal injuries sustained by her, and her parents have judgment for $40, the cost of her medical attendance. From these judgments defendant has taken separate appeals and in support thereof contends that its point for bind-

ing instructions should have been affirmed or judgment entered in its favor n. o. v.

The case grew out of an assault alleged to have been committed upon the minor plaintiff, then nine years of age, by an employe of appellant "acting for and on the business" of his employer. Appellant conducted a store at 3412 Wharton Street, Philadelphia; it was in charge of a manager and Stephen Kearns, the employe in question, was one of its clerks. About five o'clock on the evening of January 4, 1927, the minor plaintiff and a younger brother were sent to the store to purchase cakes; Kearns admittedly was then engaged in sweeping the floor in front of the counter. The girl, after testifying that she was inside the store door waiting for her brother, continued: "My mother sent him to the store, so he went in first and I went in back of him. The clerk that was sweeping the floor asked me what did I want. I told him I was waiting for my brother. So he said 'Get the hell out of here,' and he hit me with a broom and threw me out of the store."

She was corroborated by a companion who testified that Kearns "hit her with the broom and knocked her down out the door and hurt her knee." The medical testimony indicated that the injury was painful and confined the child to bed approximately one month. Kearns denied the assault.

Appellant's contention is that, accepting the finding of the jury that the assault was committed by Kearns, it is not liable because it was committed outside the line of duty under his employment. The statement averred that the employe "was at the time acting for and on the business and purposes" of appellant; no affidavit of defense was filed and none of the averments of the statement was formally offered in evidence. The admission that Kearns was in the employ of appellant at the time was placed upon the record. After stating in his charge plaintiffs' contention that Kearns' "respon-

sibility passes on to his employer, because he was putting this little girl out of the store and he was only there to handle the store for his employer,'' the trial judge continued: ''It is my duty, however, to say to you that if he had done something entirely independent of his employer and not following out the welfare or instructions of his employer, if he does something simply through bad temper, the employer would not be responsible for that and your verdict would have to be in favor of defendant.''

The general rule is that the employer is liable for the wrongful acts of his employes if done in the course of their employment, but not for wilful and separate trespasses outside of the line of the employe's duty. We are not persuaded that this is a case in which the court should have held under the evidence for the plaintiffs that, as a matter of law, the employer was not liable. The defense before the jury was a complete denial of any assault. We agree with the views expressed in this excerpt from the opinion overruling the motion for judgment n. o. v.: ''There is nothing in the testimony to indicate that there was anything in the nature of a personal quarrel between the clerk and the customer. Everything indicates that he thought this child was in the way of his sweeping out the store, which he was apparently doing at the behest of his employer and as a duty to be performed for his employer.''

The judgments are affirmed.