GILLESPIE *v.* DOTY.

(Division A. June 1, 1931.)

[135 So. 211. No. 29087.]

Gardner, Odom & Gardner, and P. S. Montjoy, Jr., all of Greenwood, for appellant.

P. P. Lindholm, of Lexington, and **Osborn & Witty,** of Greenwood, for appellee.

J. G. Holmes, of Yazoo City, for appellee.

J. G. Holmes, of Yazoo City, **P. P. Lindholm**, of Lexington, and **Osborn & Witty**, of Greenwood, for appellee.

690

Argued orally by **H. T. Odom**, for appellant, and by **F. M. Witty** and **J. G. Holmes**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

An automobile driven by the appellee was struck and the appellee was injured by an automobile driven by a servant of the appellant, and this suit is by the appellee for the recovery of damages therefor. The case was tried twice in the court below. In the first trial there was a judgment for the appellant, which was set aside by the court, and a new trial granted, in which a judgment was rendered for the appellee. The proceedings in the first trial were preserved by a bill of exceptions, and one of the errors assigned is that the order setting aside the first judgment and granting the appellee a new trial should be reversed and that judgment reinstated. After the rendition of the first judgment, the appellee filed a motion for a new trial, setting up as grounds therefor misconduct of the jury, the verdict is contrary to the evidence, error in the granting of instructions to, and in the admission of evidence offered by, the appellant.

The new trial was granted on the first of these grounds.

The trial of the case was begun on Thursday. The jury, in accordance with the custom of the court, were not placed in charge of bailiffs, but were allowed to separate, and were under no restraint during the recesses of the court. The case continued through Saturday, on the morning of which the court of its own motion placed the jury in charge of two bailiffs, and thereafter kept them together until the conclusion of the trial. The evidence offered in support of the charge of misconduct of the jury discloses at most that some of the jurors were impatient with the attorneys for the appellee because of what they deemed their slowness in the production of evidence, desired to adjourn from Friday until Monday, and resented the court's not so doing. While this evidence was being introduced, the following colloquy between counsel and the court occurred:

"Mr. Witty (of counsel for the appellee) : With all deference to the court and for the purpose of our record, we ask that the court state into the record if it is not a fact that this trial started on Thursday morning and the court as customary in the trial of civil cases, did not at the outset of the trial require the jury to be kept together during the adjourned noon hour and at night during the first two days of the trial, and permitted the jury to separate; that on the morning of the third day which was Saturday, November 17, 1928, the court did for reasons satisfactory to the court, change that rule and from that time on to the end of the trial, require the jury to be kept in charge of two bailiffs, and if that is true, we respectfully ask the court to state into the record why that was done.

"Mr. Odom (of counsel for the appellant) : We object to that statement.

"Court: That was the facts with reference to the jury but the court now declines to make any statement as to his reasons for so doing.

692

"Mr. Witty: We are not criticising the court but what happened here was so patent to the court that without any testimony being offered, the court saw fit to do that.

"Court: The court has already spoken. Exception by plaintiff."

The court, in sustaining the motion for a new trial, rendered the following judgment: "This day came on to be heard plaintiff's motion for a new trial and the court, after hearing the testimony and after further being duly advised by personal observations made by the court of the conduct of the jury during the trial of this cause heretofore had during the present term of this court, and prior to the submission of the case to the jury, is of the opinion that said motion should be sustained and it is, therefore, considered and so ordered and adjudged that said motion be and it is hereby sustained and that the verdict of the jury and the judgment of the court heretofore rendered in this cause at the present term of this court be, and they are hereby set aside, and that the plaintiff be and he is hereby awarded a new trial of said cause, to all of which defendants except, and defendants are allowed sixty days from this date to file its bill of exceptions herein."

The evidence as to the misconduct of the jury is, as counsel for the appellee practically concede, insufficient to justify the granting of the new trial; consequently the ruling of the court thereon must be sustained, if at all, on facts which the trial judge personally knew, but which do not appear in the evidence. The question then is, "May a judge determine an issue between litigants by invoking his personal knowledge of facts not disclosed by the evidence?" This question was answered in the negative early in our judicial history by our predecessor, the High Court of Errors and Appeals in Smith v. Moore, 3 How. 40, wherein it was said that: "It is a settled maxim, that a judge has a private and a judicial

knowledge. But he cannot give a judgment upon his jrivate knowledge; for he is obliged to give it according to law and what is proved. If he has a private knowledge of a fact, he may be sworn as a witness, and then the parties have an, opportunity to examine and cross-examine him, and to introduce explanatory or counteracting proof." This ruling is in accord with the weight of judicial authority, as will appear from an examination of 5 Wigmore on Evidence (2 Ed.), section 2569; 1 Jones on Evidence (2 Ed.), section 470; 23 C. J. 62. The new trial should not therefore have been granted because of any misconduct on the part of the jury.

But it is said by counsel for the appellee that the appellee was entitled to a new trial for the other reasons set forth in his motion therefor, and therefore the order granting the same should be affirmed, though a wrong reason was given therefor.

The evidence discloses that the Lexington-Pickens public road runs north and south, and is entered from the west at right angles by the Richland-Ebenezer public road, which runs east and west; the former is about two feet higher at the point of junction than the latter; and a few trees and weeds grow along the north side of the Richland-Ebenezer road. According to the evidence for the appellee, he was driving his automobile over the Richland-Ebenezer road, intending to turn into and proceed north on the Lexington-Pickens road. He stopped about nine feet from the latter road, looked north up that road, of which he had a clear view for four or five hundred feet, and, seeing no vehicle approaching, drove slowly into the Lexington-Pickens road, turned first slightly to the right and the left, heading north. After he entered the latter road, he saw the appellant's automobile approaching from the north, something over four hundred feet away on the east side of the road, at a rapid rate of speed; it had passed an automobile parked on the west side of the road four or five hundred feet

north of the crossing and veered to the east, its left side, of the road in order to pass, traveling at the rate of speed variously estimated by the witnesses at from over fifty to seventy miles an hour. The witnesses who testified to this fact did not see the collision, and did not see the appellant's automobile return to the right side of the road. After the appellee's automobile had crossed the Lexington-Pickens road and had proceeded north on the east side for about fifty feet, the left rear wheel thereof was struck by the fender and left front wheel of the appellant's automobile with sufficient force to turn the appellee's automobile at right angles with the road, throwing him through its windshield, the glass of which cut his arm so severely as to necessitate the amputation thereof. The impact caused the appellant's automobile to veer to the right, enter a ditch on that side of the road, and skid about fifty-six feet before it came to a stop; its rear wheels being then in the ditch and its front wheels on the highway. The glass from the appellee's windshield and spokes from his left rear wheel were found immediately after the collision on the east side of the Lexington-Pickens road, but none were found west of the center thereof.

According to the evidence for the appellant, the automobile which struck the appellee's automobile was owned by, and on the occasion in question was proceeding to Jackson on a joint mission for him, being driven by a chauffeur with the appellant, Sumter Gillespie, on the back seat thereof. The Richland-Ebenezer road could not be seen by a person traveling south on the other road until he would come practically opposite thereto, and an automobile on the Richland-Ebenezer road approaching the Lexington-Pickens road could not be seen by such a person until it entered the latter road on account of the weeds growing along the Richland-Ebenezer road. One of the appellant's witnesses said that the top of such an automobile might be seen by a person north

of the Richland-Ebenezer road traveling south on the Lexington-Pickens road. The appellant's automobile was traveling between thirty-five and forty miles an hour on the west side of the road both Gillespie and the chauffeur looking ahead, neither of whom saw the appellee's automobile until it came into the Lexington-Pickens road, when the appellant's automobile was within fifty or sixty feet thereof. The chauffeur applied the brakes of the automobile and turned to the right, taking the ditch, but was unable to avoid striking the appellee's automobile.

From this statement of the case it will be readily seen that the record presents a case of conflicting evidence as to liability, and that consequently the jury's verdict cannot be disturbed on the ground that it is not supported by the evidence.

The instructions to the jury granted the appellant, and here complained of, when viewed in the light of the evidence for the appellant, seems to be unexceptionable; certainly no prejudicial error appears therein.

The admitted evidence for the appellant complained of is this: A witness who arrived at the scene of the collision about ten minutes after · it occurred testified to the position of the automobile and marks on the ground indicating that the appellant's automobile had turned to the right into the ditch five or six feet north of the junction of the two roads. He was then asked "if Mr. Gillespie pointed these marks out to you at the time," to which he answered, over the objection of counsel for the appellee, "Yes, he pointed them out to me," and, on being asked to "state whether or not he did that while explaining to you how the accident occurred," he answered, again over the objection of counsel for the appellee, "At the same time." If the fact that Gillespie pointed out these marks on the ground to the witness was not admissible in evidence, as to which we express no opinion, it was wholly immaterial, added nothing to the effect of the

witness's testimony that he saw the marks himself, and was therefore harmless.

It follows from the foregoing views that the judgment of the court below setting aside the judgment in the first trial, and also the judgment rendered on the second trial, must be reversed. The question then arises, Should a final judgment be rendered here reinstating the first judgment, or should the case be remanded to the court below for another trial of the charge of misconduct on the part of the jury set forth in the appellee's motion for a new trial? Counsel for the appellees requested the judge to state what the misconduct of the jury was that came under his observation, but the judge declined so to do. If the judge had complied with this request, the facts that would have been thereby disclosed may have justified the granting of the new trial, and, while it does not appear what those facts are, in the opinion of the trial judge they were sufficient to justify the granting of a new trial. It may be, as to which we express no opinion, that the judge, in the absence of an agreement of counsel to the contrary, should give evidence only under oath, but we do not understand counsel for the appellant to have objected to the requested statement by the judge on that ground; indeed in their brief they disclaim objecting to any statement from the judge, and assert that their objection was pointed only at the statement made by counsel for the appellee as to what occurred with reference to putting the jury in charge of bailiffs. The case will therefore be remanded to the court below for another trial on the charge of misconduct of the jury. On the return of the case to the court below, the situation confronting the court will be that which confronted it when the motion for a new trial was made.

Reversed and remanded.