Patanyi *v.* Davis et al., Appellants.

Argued October 3, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*H. Steward Dunn,* with him *R. J. Cleary, Con F. McGregor* and *Rose, Bechman & Dunn,* for appellants.

*John B. Nicklas, Jr.,* with him *E. B. Wolfe, Howard O. Husband* and *McCrady, McClure, Nicklas & Hirschfield,* for appellee.

OPINION BY MR. JUSTICE LINN, November 27, 1939:

The trial began against three defendants: Davis, Jr., as executor of F. E. Davis, deceased; Davis, Jr., in-

dividually; and the North Side Laundry Company, a corporation. The court entered a nonsuit as to Davis, individually, refused defendants' request for binding instructions, and submitted the case to the jury who found for defendants. Plaintiff moved for a new trial on the ground that the verdict was against (a) the evidence, (b) the law, and (c) the weight of the evidence; later, he filed an additional reason complaining of the instruction to the jury on the scope of the defendants' servant's authority. After hearing argument on the motion, the learned trial judge said: " . . . we have decided to grant a new trial conditionally", the condition being, so far as it need now be stated, that if plaintiff would submit to a physical examination by a physician, then named by the court, "the matter will be further considered". The doctor examined the plaintiff and wrote a letter to the judge stating the result of his examination, in consequence of which the court granted a new trial.[1] The three defendants have appealed.

Referring, first, to number 127, the appeal of Davis, individually, it does not appear that plaintiff moved to take off the nonsuit, but as Davis has appealed, we assume his counsel thought the order for a new trial operated to remove the compulsory nonsuit. Even if that was intended by the order appealed from, the statute gives him no right to appeal: *Dellacasse v. Floyd,* 332 Pa. 218, 221, 2 A. (2d) 860. On the other hand if the new trial order was intended, as it probably was, to apply only to the two defendants in whose favor the jury found, and not to affect the nonsuit, Davis was out of the case and has nothing from which to appeal. In either view his appeal must be quashed.

The appeal of the North Side Laundry Company is at number 125, that of the executor at number 126. The

---

[1] The order was in the following words: "And now, to wit, February 1, 1939, a new trial in the above case is granted as a result of the receipt of a letter received from Dr. C. B. Schildecker, copy of the same being attached hereto."

evidence showed that plaintiff was injured by one, Flick, employed by the appellant Laundry Company, in their struggle for possession of plaintiff's laundry during the delivery of it in circumstances involving a dispute as to the amount collectible by Flick for the account of the Laundry Company. It was of such character as required the jury to determine whether the servant acted within or without the scope of his employment and for the purpose of performing his duty to his employer: *McClung v. Dearborne*, 134 Pa. 396, 19 A.. 698; *Marcus v. Gimbel Bros., Inc.*, 231 Pa. 200, 80 A. 75; *Cooper v. American Stores Co.*, 97 Pa. Superior Ct. 474. Binding instructions for the defendant Laundry Company were therefore properly refused. But the evidence was not sufficient to support a finding that Flick was acting on behalf of F. E. Davis, who was living at the time of the tort and whose executor is a defendant. A verdict should therefore have been directed in favor of Davis, executor, appellant at number 126.

Coming then to the grant of a new trial, the question is whether there was abuse of discretion; we have no doubt there was. Counsel for the appellee refers to three cases: *Cohen v. Transit Co.*, 250 Pa. 15, 95 A. 315, in which a motion made during the trial asking the court to "order another physical examination" was refused; *Twinn v. Noble*, 270 Pa. 500, 113 A. 686, in which a motion "to order plaintiff to submit to a further examination, after verdict, for use on defendant's rule for a new trial" was refused; and *Schroth v. Rapid Transit Co.*, 280 Pa. 36, 124 A. 279, in which the court refused a motion "after the trial and pending the motion for a new trial, to order a physical examination of plaintiff by disinterested physicians." In the circumstances appearing in those cases, the courts were held not to have abused discretion. It will be noticed at once that in each of them, if the motion had been granted, the opposing party would have had opportunity to cross-examine the witness when his evidence was taken. That fact dis-

tinguishes what was done in this case where the challenged order was the "result" of the letter written by one who had not been sworn and whom defendants had no opportunity to cross-examine. It was an abuse of judicial discretion to give evidential value to such a document. If the judicial conscience[2] could not approve the verdict and the learned judge, in addition to the medical evidence produced by both parties at the trial, desired the opinion of the writer of the letter, that is, additional proof of a fact relevant in determining the issue, the evidence should have been brought on the record by requiring the witness to submit himself to the cross-examination of both parties and, at the same time, making the deposition part of the record. Such proceeding is to be distinguished from that in which the court receives evidence of the mental condition of a witness as bearing on his competency to testify: *Com. v. Kosh,* 305 Pa. 146, 154, et seq., 157 A. 479. In *Phila.-Labor's N-P. L. Club's Application for Inc.,* 328 Pa. 465, 196 A. 22, it was held error to refuse incorporation on the basis of a police report requested and received by the judge after the testimony had closed.[3] We said: "At least the applicants should have the chance to show that those matters alleged against them are untrue or mistaken or susceptible of another interpretation. In *Franklin's Appeal,* 163 Pa. 1, 29 A. 912, the judge upon his own motion without a hearing of any of the parties to be affected and upon private inquiries, made what he termed an adjudication of the office costs in certain criminal cases. We declared this action improper because of a failure to hear the parties concerned. We applied the same fundamental principle in *Stitzel's Est.,*

---

[2] For an interesting historical paper, see Radin: The Conscience of the Court, 48 L. Q. R. 506.

[3] See, generally, *Gillespie v. Doty,* 160 Miss. 684, 135 So. 211; *Kelly v. King,* 187 App. Div. 477, 175 N. Y. S. 857 (1919); *Kahanek v. Galveston,* 72 Tex. 476, 10 S. W. 570 (1889); *Pua v. Hilo Tribune Herald,* 31 Hawaii 65 (1929).

221 Pa. 227, 70 A. 749. In *Erie City v. Public Service Com.*, 278 Pa. 512, 123 A. 471, we pointed out the impropriety of decision based on reports not offered in evidence made by persons who were not subject to cross-examination. To the same effect are *Phila. Rapid Transit Co. v. Public Service Com.*, 78 Pa. Super. Ct. 593; *Weymers v. Weymers*, 81 Pa. Super. Ct. 432, and *Cage v. Public Service Com.*, 125 Pa. Super. Ct. 330, 189 A. 896."

It is unnecessary to discuss the assignment complaining of the amendment to the statement allowed during the trial; the assignment is overruled.

No. 125. Order reversed, motion for new trial reinstated, record remitted for further proceedings.

No. 126. Order reversed, record remitted for entry of judgment for Franklin E. Davis, Jr., Executor of F. E. Davis, Deceased.

No. 127. Appeal quashed.