COFER, Justice,
for the Court:
This action for damages for personal injury was brought by the appellee Archie Tew against the appellant Marshall Durbin, Inc. and Illinois Central Gulf Railroad Company in the Circuit Court of Smith County. The circuit court directed a verdict for the railroad and the jury awarded an $18,000 verdict against Marshall Durbin, Inc. On the appeal to this Court, the appellant assigned that the trial judge erred (1) in denying the appellant’s request for a peremptory instruction and in overruling its post-trial motions, because the injuries complained of were not foreseeable, (2) in basing his rulings on the appellant’s post-trial motions on matters outside the record, and (3) in granting conflicting damage instructions to the jury. The appellant has also asserted (4) that the verdict is grossly excessive evidencing bias, passion and prejudice on the part of the jury.
The accident which brought about this case occurred at approximately 2:00 a.m. on June 20, 1976, when the appellant’s truck collided with an Illinois Central Gulf freight train in the Town of Mize, Mississippi. The truck was carrying chicken parts and waste, which were dumped out of the truck as a result of the accident. The waste was spread out approximately 100 feet in each direction from the point of the accident. It could be decided from the evidence that a brake diaphragm broke in the truck and caused the driver to be unable to stop. The driver testified that he had never driven through Mize before, that he did not see signs warning him to use a lower gear and to check his brakes going down the hill which led to the railroad crossing, and that he could not read. Before impact he and his passenger (who was with him contrary to rules of the driver’s employer) jumped out of the truck, although it was indicated that there was a vacant area near the railroad which might have been used as a possible route to avoid the accident.
The waste caused an extremely foul odor to spread over the area near the accident, which remained for days after the area was cleaned up. The wreck occurred at a point about 50 feet from the Mize Police Station. Appellee, who was town marshal, was required due to scarcity of help to spend long hours at the scene of the accident and in the police station. The smell of the chicken waste resulted in the illness complained of. The treating physician testified that Tew *603 suffered from inflammation of the eyes, nose and upper respiratory tract; infected sinuses and mucous membranes; and headaches secondary to sinus congestion. The appellee brought suit to recover damages for these injuries.
The first issue raised in this case is that the injury complained of was not a foreseeable result of the actions of the defendant. In the case of Mauney v. Gulf Refining Co., 193 Miss. 421, 9 So.2d 780 (1942), the term “foreseeability” was discussed at length. That case involved the following situation. The defendant’s agent was filling a storage tank at a service station in Ripley, Mississippi. While so engaged, a fire broke out on the tank truck and spread to the service station. The people who were there fled the scene shouting that the storage tanks would explode and spread the fire all over town. Mrs. Mauney was working in a cafe across the street. When she heard the cries of those fleeing the service station, she hurried to get her small child who was nearby and, in doing so, fell over a misplaced chair. The fall caused her to miscarry. This Court held that the acts of the defendant’s agents were not the proximate cause of the injury. The Court stated that “foreseeability” is the test for determining issues of proximate cause. The Court discussed this concept as follows;
The rule is firmly established in this state, as in nearly all the common law states, that in order that a person who does a particular act which results in injury to another shall be liable therefor, the act must be of such character, and done in such a situation, that the person doing it should reasonably have anticipated that some injury to another will probably result therefrom, . . . but that the actor is not bound to a prevision or anticipation which would include an unusual, improbable, or extraordinary occurrence, although such happening is within the range of possibilities. (Citations omitted). (193 Miss. at 427-428, 9 So.2d at 780-781).
This Court in Mauney further explained the doctrine of foreseeability by commenting upon the earlier case of Gulf Refining Co. v. Williams, 183 Miss. 723, 185 So-234 (1938):
[I]t was pointed out that in speaking of probable results as applied to foreseeability it has not been meant to include only those more apt to happen than not to happen, but embraces those which the negligent actor should have foreseen as something likely to happen, although the likelihood may not amount to a comparative probability; but in the same case it was again admonished that more than a remote possibility is necessary to fulfill the requirements of the rule of liability, —that the likelihood which furnishes the essential ligament between the negligence and the injury must be one of weight and moment. (193 Miss. at 428, 9 So.2d at 781).
Thus, the question in this case at bar is whether Marshall Durbin, Inc. could have foreseen the injury to Archie Tew as something likely to occur from its act on the night of the accident.
As it was stated in Mauney, “[t]he difficulty is not in the rule, but in applying the facts of a particular case, and in determining whether the facts bring the case within the circle which limits the rule, or whether they fall beyond it.” (193 Miss. at 429, 9 So.2d at 781). We believe that the evidence was sufficient to warrant the jury’s finding that the acts of Marshall Durbin and its agent were negligent in the accident complained of. Marshall Durbin argues, however, that even if it were negligent, this negligence was not the proximate cause of the injuries complained of, because of the unforeseeable circumstances which attended this particular injury. Specifically, Marshall Durbin has asserted that it could not have foreseen that the Town of Mize would have an understaffed police department, a circumstance which necessitated Archie Tew’s prolonged presence near the scene of the accident. It is not our view, however, that the specific circumstances in which the injury occurs must have been foreseeable to the defendant. In Brewer v. Town of Lucedale, 189 Miss. 374, 198 So. 42 (1940), this Court stated:
*604 It is true that the actor here . may not have foreseen that this particular manner of effecting an injury would occur, but [it] might have anticipated that some injury might occur under similar circumstances. (189 Miss. at 384, 198 So. at 44).
In the present case, we hold that it was foreseeable to Marshall Durbin that the negligent operation of its truck on June 20, 1976, might cause the truck to spill its noxious cargo, and that this spillage might impair the health of anyone who remained near the scene of the accident. Thus, the trial court’s rulings on the request for a peremptory instruction and the post-trial motions were not erroneous from the standpoint of the foreseeability of the injuries.
Having disposed of the contention of foreseeability vel non of the damages to the appellee, we must mention the third assignment of error before going on to consider the second and fourth assignments together. The third assignment of error dealt with conflicting instructions to the jury. We have considered the instructions and do not feel that any reversible error was committed.
The second issue raised is that the trial court committed error in overruling the appellant’s post-trial motions by considering facts outside the record. The appellant claims that this reliance upon facts outside the record so obscured the judge’s view of the facts properly in evidence, that he allowed an excessive verdict to stand. The motion filed by the appellant was a motion for a judgment notwithstanding the verdict or in the alternative for a new trial.
The record indicates that, in ruling upon these motions, the trial judge relied upon facts within his personal knowledge. In another cause before the trial judge, a young man who worked for the appellant Marshall Durbin had been in court. Although the man appeared clean, he had an odor about him. The judge inquired about it, and the man told him that although other people noticed the smell, he did not notice it himself. Upon these facts, the judge concluded that prolonged exposure to chicken waste can damage a person’s sense of smell.
In the case of Gillespie v. Doty, 160 Miss. 684, 135 So. 211 (1931), the trial judge granted a new trial based upon facts within his personal knowledge concerning misconduct of the jury. The judge in that case was requested by the attorney for one of the parties to state the facts which he knew, but he refused to do so. This Court stated:
If the judge had complied with this request, the facts that would have been thereby disclosed may have justified the granting of the new trial, and, while it does not here appear what those facts are, in the opinion of the trial judge they were sufficient to justify the granting of a new trial. (160 Miss. at 696, 135 So. at 213).
This Court reversed and remanded that case.
We do not believe, however, that the Gillespie case requires reversal in the present one. The trial judge in the present case was familiar with all of the evidence which had been presented at trial. The fact that he may have also considered facts within his personal knowledge does not mean that he let these facts seriously impair his ability to consider the evidence previously presented. While we would state that a trial judge’s reliance upon facts within his personal knowledge is not a favored practice, we hold that in the present case, this was not reversible error.
The final argument of the appellant is that the jury verdict is excessive evidencing bias, passion and prejudice on the part of the jury. The medical bills in this case totalled $252. Mr. Tew was not hospitalized and lost no time from his work. While the treating physician stated that the condition was painful, he also testified that he did not foresee any permanent disability. Given these facts, the jury’s verdict in the amount of $18,000 is, to us, excessive, unreasonable and contrary to the overwhelming weight of the evidence. We believe that another jury should be given an oppor *605 tunity to consider the amount of the verdict appropriate under the circumstances. Therefore, affirmed on the issue of appellant’s liability, we reverse and remand the cause for retrial on the issue of damages only.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR A NEW TRIAL ON THE ISSUE OF DAMAGES.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
SMITH, P. J., took no part.